**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ROY D. MORAGA,

          Plaintiff,

vs.

STEVE WOLFSON, Clark County District Attorney; LINDA ERRICHETTO, forensic technician,

          Defendants.

Case No. 2:16–cv–287–JCM–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DOC. #1); COMPLAINT (DOC. #1-1); MOTION TO APPOINT COUNSEL (DOC. #2)

    Before the court are Plaintiff Roy D. Moraga's application to proceed *in forma pauperis* (Doc. #1), complaint (Doc. #1-1), and Motion to Appoint Counsel (Doc. #2). For the reasons stated below, Moraga's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Moraga's complaint be dismissed with leave to amend. Moraga's motion to appoint counsel is denied.

**I. Background**

    Moraga is a convicted felon, currently serving life without the possibility of parole at Ely State Prison in Nevada. Moraga has exhausted his state and federal habeas petitions; he now brings the instant action for relief under 42 U.S.C. § 1983.

    For the purposes of Moraga's § 1983 action, the following Nevada state statutes are relevant:

1)     "A person convicted of a felony who otherwise meets the requirements of this section may file a postconviction petition requesting genetic marker analysis evidence within the possession or custody of the State which may contain genetic

    marker information relating to the investigation or prosecution that resulted in the judgment of conviction." NEV. REV. STAT. § 176.0918 (2013).

2)  "The court shall enter an order dismissing a petition filed pursuant to NRS 176.0918 if: (a) The requirements for ordering a genetic marker analysis pursuant to this section and NRS 176.0918 and 176.09187 are not satisfied; or (b) The results of genetic marker analysis performed pursuant to this section and NRS 176.0918 and 176.09187 are not favorable to the petitioner." NEV. REV. STAT. § 176.09183 (2013).

3)  "Unless there is good cause shown for delay, a petition that challenges the validity of a judgment or sentence must be filed within 1 year after the entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the appellate court of competent jurisdiction pursuant to the rules fixed by the Supreme Court … issues a remittitur." NEV. REV. STAT. § 34.726 (2013).

  Moraga contends that new genetic marker analysis technology will demonstrate that he is innocent of the crimes for which he was convicted and sentenced. Moraga attempted to obtain re-testing of the physical evidence used to convict him under Nevada Revised Statute § 176.0918. Moraga's petition was denied as untimely pursuant Nevada Revised Statute § 34.726.

  Moraga's § 1983 complaint alleges that the Nevada state court violated his Fourteenth Amendment procedural due process rights when it dismissed his petition for genetic marker analysis as untimely under Nevada Revised Statute § 34.726.

/// /// ///

/// /// ///

2

## II. *In Forma Pauperis* Application

Moraga's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Moraga submitted a financial affidavit. (Doc. #1). According to the affidavit, Moraga is incarcerated and receives $50 a month from friends and family. Moraga's application to proceed *in forma pauperis* is, therefore, granted.

## III. Legal Standard

Because the court grants Moraga's application to proceed *in forma pauperis*, it must review Moraga's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Moraga's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption

of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**IV. Discussion**

Moraga's filings present three questions: (1) whether Moraga may bring his claim for relief in a § 1983 action, (2) whether Moraga has stated a plausible claim that his procedural due process rights were violated, and (3) whether Moraga should be appointed counsel. Each is discussed below.

1.   Moraga Properly Brought His § 1983 Action

"When 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,'" a § 1983 action is not an available remedy. *Skinner v. Switzer*, 562 U.S. 521,

4

533 (2011) (quoting *Heck v. Humphrey*, 512 U.S. 477 (1994)).  A petition to compel the state to perform DNA testing may be brought in a § 1983 action; the successful plaintiff will obtain the DNA test results of the evidence used to convict him, which does not "necessarily imply" his conviction or sentence is invalid.  *Id.* at 534 (observing that the DNA test results may be exculpatory, inconclusive, or incriminatory).

Moraga may maintain his § 1983 action.  Moraga insists that new genetic marker analysis of the evidence used to convict him will demonstrate he is innocent of the crimes for which he was convicted.  Even if Moraga is successful in his § 1983 action, and the state of Nevada conducts the requested genetic marker analysis, the results do not "necessarily imply" that Moraga's conviction is invalid.  As the *Skinner* court observed, the genetic marker analysis results may be exculpatory, as Moraga claims, inconclusive, or incriminatory.

2.  <u>Moraga Fails to State a Plausible Claim That His Procedural Due Process Rights Were Violated</u>

"No State shall … deprive any person of life, liberty, or property, without due process of law."  U.S. CONST., amdt. 14, § 1.  An incarcerated plaintiff has a "liberty interest in demonstrating his innocence with new evidence under state law."  *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009).  "'[W]hen a State chooses to offer help to those seeking relief from convictions,' due process does not 'dictat[e] the exact form such assistance must assume.'"  *Id.* at 69 (quoting *Pennsylvania v. Finley*, 481 U.S. 551 (1987)).

A State's postconviction relief procedure violates due process, when the State's procedure "offends some principles of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental" or "transgresses any recognized principles of fundamental fairness in operation."  *Medina v. California*, 505 U.S. 437, 446 (1992).  "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive

rights provided." *Osborne*, 557 U.S. at 69. The plaintiff bears the burden to "demonstrate the inadequacy of the state-law procedures available to him in postconviction relief. " *Id.* at 71.

Moraga alleges that the application of Nevada's state habeas corpus petition time limitations to his request for new genetic marker analysis amounts to a violation of his procedural due process rights. The Supreme Court's decision in *Osborne* is instructive.

In *Osborne*, the incarcerated plaintiff brought a § 1983 action in order to obtain new DNA testing for the evidence used to convict him. *Id.* at 55. At the time the state of Alaska had no state statute that permitted convicted individuals to seek new DNA testing; instead the convicted individual was required to bring an "actual innocence" claim and proceed through Alaska's habeas corpus procedures. *Id.* at 64-65. The convicted individual could then obtain new DNA testing as part of Alaska's permissible habeas corpus discovery. *Id.* at 69. Alaska law also provided that a "sufficiently compelling showing that new evidence establish[ed] innocence" would exempt the plaintiff from Alaska's applicable habeas corpus time limitations. *Id.* at 70. The Osborne court concluded that the plaintiff failed to meet his burden to show Alaska's habeas corpus procedures were inadequate, thus no procedural due process violation occurred. *Id.* at 71.

Under *Osborne*, the application of Nevada's habeas corpus time limitation statute to Moraga's request for new DNA testing is permissible, so long as the Nevada's state statute provides an exemption to the time limitation. *See id.* Here, a showing of "good cause" will exempt a petitioner from Nevada's one-year habeas corpus time limitation. NEV. REV. STAT. § 34.726 (2013) ("Unless there is good cause shown for delay, a petition … must be filed within 1 year"). Moraga fails to demonstrate how Nevada's application of its habeas corpus time limitations to his request for postconviction genetic marker analysis is "fundamentally inadequate to vindicate [his] substantive rights."

/// /// ///

3.  <u>Moraga's Request for Appointment of Counsel is Denied</u>

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Motions for appointment of counsel under section 1915 are addressed to the sound discretion of the trial court and are granted only in exceptional circumstances." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). In deciding whether to appoint counsel, the court may consider: (1) the plaintiff's ability to articulate his claims, (2) the complexity of the issues involved, and (3) the plaintiff's likelihood of success on the merits. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Moraga fails to present "exceptional circumstances" that warrants the appointment of counsel. Although the constitutional issues involved in this action are complex, Moraga demonstrated his ability to understand court orders[1] and articulate a complex constitutional challenge to Nevada's postconviction relief procedure. Moraga is also unlikely to succeed on the merits, as his claim for relief is foreclosed by existing Supreme Court precedent. For the reasons stated above, Moraga's motion to appoint counsel is denied.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Moraga's application to proceed *in forma pauperis* (Doc. #1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (Doc. #1-1).

---

[1] Moraga's complaint includes a detailed history of his efforts to secure new genetic marker analysis testing as well as references to a prior federal court order that suggested he may be able to obtain new genetic marker analysis testing via a civil rights action. (Doc. #1-1 at 8-10).

IT IS FURTHER ORDERED that Moraga is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Moraga's Motion to Appoint Counsel (Doc. #2) is DENIED.

IT IS RECOMMENDED that Moraga's complaint (Doc. #1-1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Moraga must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing

///

///

///

party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 19th day of February, 2016.

                                                                       _____
                                                                       CAM FERENBACH
                                                                       UNITED STATES MAGISTRATE JUDGE