UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROY D. MORAGA, | Case No. 2:16-cv-00287-JCM-VCF |
| Plaintiff, | ORDER |
| v. | |
| STEVE WOLFSON, et al., | |
| Defendants. | |

Presently before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R"). (ECF No. 3). *Pro se* plaintiff Roy Moraga filed an objection to the R&R. (ECF No. 6).

**I.   Facts**

Plaintiff initiated this matter by filing an application for leave to proceed *in forma pauperis*, attaching his civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Magistrate Judge Ferenbach granted plaintiff's application and screened the complaint pursuant to 28 U.S.C. § 1915(e). (ECF No. 3).

Plaintiff is currently housed at Ely State Prison in Nevada. (ECF No. 4). At the conclusion of his criminal trial in state court, a jury convicted plaintiff of two counts of sexual assault and two counts of burglary, sentencing him to life without parole. (ECF No. 4).

Plaintiff asserts that new genetic marker analysis technology will show that he is innocent of the sexual assault crimes for which plaintiff was convicted and sentenced. (ECF No. 4). Plaintiff filed a petition for retesting of the physical evidence used to convict him based on NRS 176.0918. (ECF No. 4). Pursuant to NRS 34.726, however, plaintiff's petition was denied as

untimely.  (ECF Nos. 3, 4).

After exhausting his state and federal habeas petitions, plaintiff filed the underlying complaint alleging that the Nevada state court violated his 14th Amendment procedural due process rights by dismissing his petition for genetic marker analysis as untimely under NRS 34.726.  (ECF No. 4).  Plaintiff seeks injunctive relief, ordering defendant Steve Wolfson—as the district attorney whose office prosecuted plaintiff and has custody of the DNA evidence—to test the DNA.  (ECF No. 4 at 9).

In screening plaintiff's complaint, Magistrate Judge Ferenbach found that plaintiff properly brought his § 1983 action and may maintain the action.  (ECF No. 3).  However, the magistrate also found that plaintiff failed to state a plausible claim that his procedural due process rights were violated.  (ECF No. 3).  Specifically, the magistrate found that plaintiff failed to show how Nevada's application of its habeas corpus time limitations to his request for postconviction genetic marker analysis is "fundamentally inadequate to vindicate his substantive rights" as required by *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71 (2009).  (ECF No. 3 at 8).  Accordingly, Magistrate Judge Ferenbach recommends that plaintiff's complaint be dismissed with leave to amend.  (ECF No. 3).

Plaintiff objects to the R&R arguing, *inter alia*, that the magistrate erred in finding that he failed to state a due process claim.  (ECF No. 6).  The court will address each in turn.

**II.    Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4.  28 U.S.C. § 636(b)(1)(B); LR IB 3-2.  Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and

recommendations.  Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

### III.  Discussion

As an initial matter, the court acknowledges that plaintiff's complaint and objection were filed *pro se* and are therefore held to less stringent standards.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted).  However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Plaintiff argues that the magistrate erred in stating that his petition was dismissed as untimely under NRS 34.726 because it was his motion for correction of illegal sentence that was denied as untimely.  (ECF No. 6 at 1–2).  According to the complaint, however, plaintiff alleges that he filed a "post-conviction petition for genetic marker testing in 2013" and the district court denied the petition as untimely under NRS 34.726.  (ECF No. 4 at 8–9).

Plaintiff further argues that the magistrate erred in finding that he failed to provide a "short and plain statement" because he "did in fact provide this court with a 'short and plain statement.'"  (ECF No. 6 at 2).  While the *pro se* complaint is to be liberally construed, plaintiff must still comply with the federal rules and Rule 8's definition of a "short and plain statement." The magistrate found that plaintiff failed to show how Nevada's application of its habeas corpus time limitations to his request for post-conviction genetic marker analysis is "fundamentally inadequate to vindicate his substantive rights" as required by *Osborne*.  (ECF No. 3 at 6–7).

Upon reviewing the recommendation and underlying briefs, the court finds that good cause appears to ADOPT the magistrate judge's findings.

### IV.  Conclusion

Accordingly,

/ / /

/ / /

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Ferenbach's report and recommendation (ECF No. 3) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 4), be, and the same hereby is, DISMISSED WITHOUT PREJUDICE, with leave to amend.

IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days to file an amended complaint to the extent plaintiff can assert facts that address the defects of the complaint. Failure to file a timely amended complaint will result in this case being dismissed.

IT IS FURTHER ORDERED that if plaintiff chooses to file an amended complaint, the amended complaint shall be complete in and of itself without reference to the previous complaint, as required by Local Rule 15-1. Plaintiff shall also title the amended complaint with the words, "FIRST AMENDED COMPLAINT," on page one in the caption.

DATED THIS 18th day of January, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE