**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ROY D. MORAGA,<br><br>                    Plaintiff,<br><br>vs.<br><br>STEVE WILFSON, *et al.*,<br><br>                    Defendants. | 2:16-cv-00287-JCM-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>AMENDED COMPLAINT SCREENING [ECF NO. 10] |

Before the Court is Plaintiff Roy Moraga's First Amended Complaint. (ECF No. 10). For the reasons discussed below, Plaintiff's First Amended Complaint should be dismissed with prejudice.

## BACKGROUND

On February 11, 2016, Plaintiff filed an application to proceed *in forma pauperis* and complaint, generally alleging that his due process rights were violated by Nevada denying his request for new genetic marker analysis as untimely. (ECF Nos. 1, 1-1). The Court granted the application to proceed *in forma pauperis*, but dismissed the complaint with leave to amend. (ECF No. 3, 9). On February 1, 2017, Plaintiff filed his First Amended Complaint. (ECF No. 10).

## ANALYSIS

When the Court grants an application to proceed *in forma pauperis*, the Court must review the complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff now claims that physical evidence relating to his Nevada State Court criminal conviction has been wrongfully withheld from him because of where it has been stored. (ECF No. 10 at 3). Plaintiff asserts that his physical evidence should have been held within the "central repository for criminal records and other evidence, within the Nevada Highway Patrol Division of the Nevada Department of Motor Vehicles and Public Safety" rather than a forensic laboratory. (*Id.*). Plaintiff argues that if the physical evidence had been held in the central repository, he would have had access to the evidence. (*Id.*).

NRS 179A created a Central Repository for Nevada Records of Criminal History within the Department of Public Safety. NRS 179A.049; 179A.0751(1). The Central Repository maintains "records, reports and compilations of statistical data." NRS 179A.075(8)(a). "'Record of criminal history' does not include: (a) Investigative or intelligence information, reports of crime or other information concerning specific persons collected in the course of the enforcement of criminal laws." NRS 179A.070(2).

NRS 179A does not provide for the storage of physical evidence within the Central Repository. The Central Repository maintains records and information, not physical evidence. *See* 1983 Nev. Op. Att'y Gen. 9 (1983) (discussing the confidentiality of physical evidence and other statutes governing how a defendant may obtain discovery regarding physical evidence). Plaintiff's interpretation of NRS 179A does not support a civil rights claims, and allowing further amendment would be futile.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that Plaintiff's First Amended Complaint (ECF No. 10) be DISMISSED WITH PREJUDICE.

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (See *Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (See *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action. (See LSR 2-2).

IT IS SO RECOMMENDED.

DATED this 22nd day of January, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE