# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROY D. MORAGA, | Case No. 2:16-CV-287 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| STEVE WOLFSON, et al., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Ferenbach's report and recommendation. (ECF No. 12). No objections have been filed and the deadline for filing objections has passed.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

Plaintiff has not objected to the report and recommendation. Nevertheless, the court engages in a *de novo* review to determine whether to adopt the magistrate judge's findings.

**James C. Mahan**
**U.S. District Judge**

The magistrate judge recommends that the court dismiss plaintiff's complaint with prejudice because plaintiff has failed to state a claim for relief. (ECF No. 12). The record before the court shows good cause to adopt the magistrate judge's recommendation.

On February 19, 2016, the magistrate judge granted plaintiff's application to proceed *in forma pauperis* and screened the complaint pursuant to 28 U.S.C. § 1915(3). (ECF No. 3). On January 18, 2017, the court dismissed the complaint with leave amend because plaintiff did not plausibly allege details in support of his civil rights claim. (ECF No. 9).

On February 1, 2017, plaintiff filed an amended complaint alleging that the physical evidence relating to his criminal conviction was wrongfully withheld from him. (ECF No. 10). Plaintiff specifically alleges that he was unable to retrieve potentially exculpatory physical evidence pursuant to NRS 179A.100(5)(a) because the government failed to store the evidence in the Nevada Highway Patrol Division's repository. *Id*.

Plaintiff has once again failed to allege a plausible civil rights claim because NRS 179A does not provide for the storage of physical data. *See* NRS 179A.075(8)(a) (creating a central repository to store records, reports, and compilations of statistical data). Thus, upon reviewing the underlying record, the court finds good cause to adopt the magistrate judge's recommendation.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Ferenbach's report and recommendation (ECF No. 12) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that the matter of *Moraga v. Wolfson et al.*, case number 2:16-cv-00287-JCM-VCF, be, and the same hereby is, DISMISSED with prejudice.

The clerk shall close the case accordingly.

DATED March 4, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**