UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROY D. MORAGA, | Case No. 2:16-CV-287 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| STEVE WOLFSON, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Roy Moraga's motion for entry of clerk's default and default judgment. (ECF No. 17).

Also before the court is Moraga's motion for "failure to comply with Ninth Circuit court order." (ECF No. 21). Defendants Steve Wolfson and Linda Errichetto did not file a response, and the time for doing so has passed.

**I.	Background**

On February 11, 2016, Moraga filed an application to proceed *in forma pauperis* and a complaint, generally alleging that his due process rights were violated when the state of Nevada denied as untimely his request for a new genetic marker analysis. (ECF No. 1, 1-1). The court granted the application to proceed *in forma pauperis* but dismissed the complaint with leave to amend. (ECF Nos. 3, 9). On February 1, 2017, Moraga filed his first amended complaint, alleging that the physical evidence related to his criminal conviction was wrongfully withheld from him. (ECF No. 10).

On January 22, 2019, Magistrate Judge Cam Ferenbach recommended that this action be dismissed with prejudice because Moraga failed to state a claim for relief. (ECF No. 12). Moraga timely filed an objection to the report and recommendation on February 4, 2019. (ECF

No. 13). On March 4, 2019, the court adopted the report and recommendation and dismissed this action with prejudice. (ECF No. 14). In response, Moraga filed a motion for reconsideration on March 13, 2019. (ECF No. 16).

On July 30, 2019, Moraga filed a notice of appeal as to the court's order adopting the report and recommendation. (ECF No. 18). The Ninth Circuit Court of Appeals subsequently entered an order on August 21, 2019, directing this court to determine "whether appellant's March 13, 2019 filing falls within those [motions] listed in Federal Rule of Appellate Procedure 4(a)(4) and, if so, whether the motion should be granted or denied." (ECF No. 22).

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 60(b) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is not the proper vehicle for rehashing old arguments, *see Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir.1995), and is "not intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III. Discussion

Moraga moves for entry of clerk's default and default judgment. (ECF No. 17). Additionally, Moraga moves for the relief requested in his first amended complaint based on the

court's alleged failure to comply with a Ninth Circuit order. (ECF No. 21). The court will address each motion in turn.

*1. Clerk's Default*

Moraga first argues that the clerk should enter a default and default judgment in his favor because no response was filed to his motion for reconsideration, an alleged violation of Federal Rule of Civil Procedure 8(b)(6). (ECF No. 17). Moraga then argues that a default judgment is appropriate because the court adopted the magistrate judge's report and recommendation without considering his objection. *Id*.

Federal Rule of Civil Procedure 8 is inapposite to this motion because it applies only to pleadings; the rule does not apply to motions for reconsideration, and Moraga cites no other authority to support the entry of default here. Further, Moraga is correct that the court mistakenly indicated that no objections were filed to the report and recommendation (*see* ECF No. 14), but this has no bearing on the entry of a default or a default judgment. *See* FED. R. CIV. P. 55(a), (b)(1).

Accordingly, Moraga's motion for entry of clerk's default and default judgment is denied.

*2. Failure to comply with Ninth Circuit order*

Moraga contends that the court should enter the relief requested in his first amended complaint because the court failed to comply with a Ninth Circuit order. (ECF No. 21). Moraga apparently argues that this court had fourteen days to comply with the Ninth Circuit order, and that the failure to do so warrants setting aside his conviction. *Id*.

In the Ninth Circuit's order, this court was directed to determine "whether appellant's March 13, 2019 filing falls within those [motions] listed in Federal Rule of Appellate Procedure 4(a)(4) and, if so, whether the motion should be granted or denied." (ECF No. 22). The order also directs Moraga to file, within fourteen days of this court's ruling on the motion for reconsideration, written notice with the Ninth Circuit of this court's decision and whether he intends to prosecute the appeal. *Id*. Nowhere in the order is this court directed to rule on Moraga's motion for reconsideration within fourteen days.

Accordingly, Moraga's motion for failure to comply with a Ninth Circuit order is denied.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Moraga's motion for entry of clerk's default (ECF No. 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Moraga's motion for "failure to comply with Ninth Circuit court order" (ECF No. 21) be, and the same hereby is, DENIED.

DATED March 9, 2020.

_____
UNITED STATES DISTRICT JUDGE